IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EL DORADO IRRIGATION DISTRICT,

    Plaintiff,                                      CIV. NO. S- 02-2603 FCD GGH

    vs.

AIR-02-GEST CORPORATION,

                                                      FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff's amended application for entry of default judgment against defendant Air-02-Gest Corporation ("AOG"), filed February 22, 2006, was submitted on the record.[1] Local Rule 78-230(h). Upon review of the application and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On December 5, 2002, plaintiff filed the underlying complaint in this action against defendant AOG, alleging defendant breached its contract and warranty by failing to provide equipment free of defects and failing to repair or replace it. The summons and complaint were personally served on defendant AOG on December 23, 2002. Fed. R. Civ. P. 4(e)(2).

---

[1] Plaintiff originally filed its application for default judgment before the district court on September 2, 2005.

1

Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has failed to file an answer or otherwise appear in this action. On March 11, 2003, the clerk entered default against defendant AOG.

Notice of entry of default and the instant application for default judgment and supporting papers were served by mail on defendant at its last known address. Defendant filed no opposition to the application for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $545,426.13. The undersigned has reviewed the support for the damages sought, and such support is not unreasonable on its face.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The application for entry of default judgment and declarations filed in support of it also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' application for entry of default judgment be GRANTED. Judgment should be rendered in the amount of $545, 426.13.

These findings and recommendations are submitted to the Honorable Frank C. Damrell, Jr., United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections.

1  The parties are advised that failure to file objections within the specified time may waive the
2  right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: 5/19/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
ElDorado2603.def.wpd